IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Cheryl Compton, John Mills, Jung Moon, Jordan W. Bolden, Brett M. Alexander, Ashley Bryan, Ryan P. Burrus, Steven Hill, Donald Griffith,  John Harris, Adam Kahn, Jim Kohr, Dianne Lee, Steven Tray Lott, Jonathan McFarland, Johnny Medina, Kaare Melby, Keith William Rose, Alex Schoenstein, Casey Smith,  William Smith, Brian Alan Staack, Bradley S. Veltte, and Frederick L. Vickers, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) ) |
| St. Louis Metropolitan Police Department, | ) ) |
| and | ) ) |
| The Board of Police Commissioners of the St. Louis Metropolitan Police Department, | ) ) ) |
| and | ) ) |
| Richard Gray, Jerry Lee, Bettye Battle-Turner, Thomas Irvin, and Francis Slay in their official capacities as the Board of Police Commissioners of the St. Louis Metropolitan Police Department, | ) ) ) ) ) ) ) |
| and | ) ) |
| The City of St. Louis, a local government entity, | ) ) ) ) |
| Defendants. | ) |

## **MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER**

Comes now Plaintiffs, pursuant to Rule 65 of the Federal Rules of Civil Procedure and

for reasons set forth in this Motion and the accompanying Memorandum in Support move this Court for entry of an ex parte temporary restraining order, or in the alternative for a temporary restraining order requiring Defendants, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them, to allow Plaintiffs and all other political protesters in Keiner Plaza to remain in Keiner Plaza until this case is resolved on the merits.

1. Entry of an ex parte temporary restraining order is appropriate in this case because Plaintiffs are likely to succeed on the merits, there is a threat of irreparable harm to Plaintiffs, no harm will be inflicted upon Defendants should a temporary restraining order issue, and the issuance of a TRO is in the public interest.

2. Specifically an ex parte TRO is necessary because despite several efforts to notify the St. Louis City Board of Police Commissioners, the representatives refused to engage in civil dialogue with legal staff.  Two phone calls were made with numerous transfers requesting to speak with the 4th District Sergeant or Lieutenant.  Officers intentionally "hung up," on legal staff and advised if we called again they would "hang up," on us and "refuse to help in any way."  Officer Melchior, badge number 1774, instructed that he refused to dialogue and for legal staff to "not call again."

3. Bond should be waived or set at a nominal amount since there will be no demonstrable harm to Defendants if their unconstitutional actions are enjoined.  Moreover, more than half of Plaintiffs are poor persons and are unable to access the funds to post surety bond.

4. Accordingly, Plaintiffs request this Court to:

     A.       Issue a temporary restraining order requiring Defendants, their officers, agents, servants, employees, and attorneys, and upon those persons in act-

ive concert or participation with them, to allow Plaintiff's use of Keiner

Plaza for a gathering of members of this organization and until further or-

der of this Court;

B.    Waive bond or set bond in a nominal amount; and

C.    Allow Plaintiffs such other and further relief as is just and proper under

the circumstances.


Respectfully submitted,


_____
Joseph P. Welch, #52414MO
Attorney for Plaintiffs
1708 Olive Street
St. Louis, MO 63103
Phone: (314) 367-4878
Fax:    (314) 678-3998
Cell:   (314) 494-9729
jpw@josephwelch.net


_____
Maggie Ellinger-Locke, #63802
Attorney for Plaintiffs
797 West Terra Lane
O'Fallon, MO 63366
Office: (636) 978-8833
Cell: (314) 805-7335
Fax: (636) 281-1504
ellinger.locke@gmail.com


_____
Cynthia West, #61758
Attorney for Plaintiffs
625 N. Euclid Avenue, Suite 534

St. Louis, MO 63108
(314) 269-0439
(314) 282-2693 facsimile
cynthia@nnplc.org