IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Cheryl Compton, John Mills, Jung Moon, Jordan W. Bolden, Brett M. Alexander, Ashley Bryan, Ryan P. Burrus, Steven Hill, Donald Griffith, John Harris, Adam Kahn, Jim Kohr, Dianne Lee, Steven Tray Lott, Jonathan McFarland, Johnny Medina, Kaare Melby, Keith William Rose, Alex Schoenstein, Casey Smith, William Smith, Brian Alan Staack, Bradley S. Veltte, and Frederick L. Vickers, ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 4:11-cv-01975-CEJ |
| Plaintiffs, ) ) ) | |
| vs. ) ) ) ) | |
| St. Louis Metropolitan Police Department, ) ) ) | |
| and ) ) ) | |
| The Board of Police Commissioners of the ) St. Louis Metropolitan Police Department, ) ) | |
| and ) ) ) | |
| Richard Gray, Jerry Lee, Bettye Battle-Turner, Thomas Irvin, and Francis Slay in their official capacities as the Board of Police Commissioners of the St. Louis Metropolitan Police Department, ) ) ) ) ) ) ) ) | |
| and ) ) ) | |
| The City of St. Louis, a local government entity, ) ) ) ) ) | |
| Defendants. ) | |

## FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, DAMAGES AND INJUNCTIVE RELIEF

COMES NOW Plaintiffs Jordan W. Bolden, Brett M. Alexander, Ashley Bryan, Ryan P. Burrus,

Cheryl Compton, Steven Hill, Donald Griffith, John Harris, Adam Kahn, Jim Kohr, Dianne Lee,

Steven Tray Lott, Jonathan McFarland, Johnny Medina, Kaare Melby, John Mills, Jung Moon,

Keith William Rose, Alex Schoenstein, Casey Smith, William Smith, Brian Alan Staack, Bradley

S. Veltte, and Frederick L. Vickers, (hereinafter referred to as the "Keiner Plaintiffs") by and

through their attorneys Joseph P. Welch, Maggie Ellinger-Locke, and Cynthia West, and for their

Complaint against the Defendants for violations of their constitutional and state rights, seeking

declaratory judgment, ex-parte temporary restraining order, and preliminary and permanent

injunctive relief, pursuant to the laws of the United States and the State of Missouri, and 42

U.S.C. § 1983.

## **INTRODUCTION**

1. The Keiner Plaintiffs are United States Citizens, Citizens of the states of Missouri and Illinois,
   and members of the Occupy St. Louis movement. As a part of their beliefs and duties as
   citizens, they desire to peacefully assemble and protest against the government and corporate
   interests, and to conduct this activity without fear of being arrested, prosecuted, and evicted
   from the land that they possess for engaging in activity protected by the First and Fourteenth
   Amendments.

2. Defendants St. Louis Metropolitan Police Department, the Board of Police Commissioners of
   the St. Louis Metropolitan Police Department, Richard Gray, Jerry Lee, Bettye Battle-
   Turner, Thomas Irvin, and Francis Slay, acting in their official capacities as the Board of
   Police Commissioners of the St. Louis Metropolitan Police Department, and the City of St.
   Louis, (hereinafter referred to as the "Defendants") have threatened to arrest and forcibly
   evict the Keiner Plaintiffs and other members of the Occupy St. Louis movement if they

continue to possess Keiner Plaza after 3:00 P.M. on Friday, November 11, 2011, by "strictly enforc[ing] all ordinances and regulations regulating the use of public parks." Namely, the ordinance the defendants intend to rely on is St. Louis City Revised Code Chapter 22.18.010, which purports to prohibit individuals from occupying parks in the City of St. Louis between the hours of 10:00 P.M. and 6:00 A.M.

3. The defendants have successfully chilled many members of the Occupy St. Louis movement from possessing and protesting at Keiner Plaza with their threat to forcibly arrest and evict the members, and the defendants seek to prevent the Keiner Plaintiffs from possessing and protesting at Keiner Plaza after 3:00 P.M. on Friday, November 11, 2011, but most likely after 10:00 P.M. when the park curfew law goes into effect.

4. This lawsuit contends that the actions and omissions of the defendants and the selective and arbitrary enforcement of ordinance 22.18.010 prohibiting persons in parks during designated hours, as-applied in this situation impermissibly infringes on individual rights to freedom of speech, to peacefully assemble under the First Amendment of the United States Constitution, and incorporated to the states by the Fourteenth Amendment, belonging to the Plaintiffs, other occupiers, and those similarly situated, in that this ordinance is being selectively applied against persons expressing a particular political message.

## PARTIES

5. Brett M. Alexander, Jordan W. Bolden, Ashley Bryan, Ryan P. Burrus, Cheryl Compton, Steven Hill, Donald Griffith, , Adam Kahn, Jim Kohr, Steven Tray Lott, Jonathan McFarland, Johnny Medina, Kaare Melby, John Mills, Alex Schoenstein, Casey Smith, William Smith, Brian Alan Staack, Bradley S. Veltte, and Frederick L. Vickers are all citizens and residents of the State of Missouri. John Harris, Dianne Lee, Jung Moon, and Keith William Rose are

all citizens and residents of the State of Illinois.

6. Plaintiffs are protesters participating in the Occupy St. Louis protest in solidarity with Occupy Wall Street. They protest in Keiner Plaza 24 hours per day as symbolic and literal speech, communicating their political and economic policy positions, and to assemble with others to discuss and debate public issues.

7. Defendants are public officials operating in or acting on behalf of the City of St. Louis, Missouri. They are sued in their official and individual capacities. Defendant City of St. Louis is a local governmental entity under the laws of the State of Missouri.

## JURISDICTION AND VENUE

8. Jurisdiction of this action under 28 U.S.C. §§ 1331, 1332, 1343, 1443, 2201 as well as 42 U.S.C. § 1983.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and E.D. Mo. L.R. 2.07(A) (1). A substantial portion of the events giving rise to this action occurred in Saint Louis City, Missouri.

10. Plaintiff's claims arise under the First and Fourteenth Amendments to the United States Constitution, and the laws of the State of Missouri. Plaintiff's rights therein may be redressed pursuant to 28 U.S.C. § 1331. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and E.D. Mo. L.R. 2.07(A) (1). A substantial portion of the events giving rise to this action occurred in Saint Louis City, Missouri.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. From October 1, 2011, through present, the Keiner Plaintiffs occupied and possessed land

and continue to occupy and possess land within the City of St. Louis, State of Missouri, identified and known as Keiner Plaza, located between the streets of Market, Broadway, Chestnut, and 7th.

13. The Keiner Plaintiffs possess and occupy this land as part of a political protest, pursuant to their rights under the First Amendment.

14. The Keiner protesters are participating in an "occupation," in solidarity with the "Occupy Wall Street" movement. The purpose of their protest is to remain in a public space to bring attention to economic policy issues of importance to them and to advocate for increased democratic participation in our federalized government.

15. Keiner protesters have erected tents as a form of symbolic speech about, among other things, the conditions of housing for poor and the foreclosure crisis' disparate impact on the poor and middle classes.

16. Keiner Protesters have remained in Keiner Plaza for more than one month, staying there overnight in tents without police intervention and conducting assemblies, protests and deliberation on policy issues of importance to them.

17. Defendants have allowed the Keiner protesters to remain in Keiner Plaza with tents and signs for more than one month, expressing direct statements of tolerance of the movement, and tacitly supporting it, through Defendants' tolerant behavior.

18. Defendants informed Plaintiffs that there was no option to apply for a permit to occupy the public space during curfew hours, even though the ordinance specifically states that permits may be granted.

19. On November 10, 2011, Defendants notified the Keiner Plaintiffs that they would be forcibly removed from Keiner Plaza after 3:00 P.M. on November 11, 2011. See Plaintiff's Exhibit 1,

attached and incorporated by reference.

20. On November 12, 2011 between the hours of midnight and 1:00 A.M., the defendants did in fact forcibly remove protesters and plaintiffs from Keiner plaza by arresting them. The defendants proceeded to seize, impound all of the property left from the protesters in Keiner Plaza, and some of it was destroyed.

21. On information and belief, Plaintiffs allege that the Defendants will continue to use force, the threat of force, fear, and intimidation to remove them from Keiner Plaza when they return to occupy and protest.

22. Plaintiffs have suffered and risk further immediate arrest, confiscation of valuable personal property, revocation of real property rights, violation of political speech and assembly freedoms and other real and tangible damages.

23. Plaintiffs have been and will be deterred from exercising their constitutional rights because of Defendants unlawful conduct in their selective enforcement of the curfew beginning November 11, 2011 and continuing.

24. Homeless persons regularly resided in Keiner Plaza prior to the Keiner Protesters' occupation of the park without arrest or incident and without notice that curfew ordinances would be enforced.

25. The Keiner Plaintiffs and other protesters and members of the Occupy St. Louis movement occupied Keiner Plaza in excess of 40 days with the defendant's implicit and explicit consent before being forcibly removed.

26. Defendants have now chosen to strictly enforce the curfew and structure ordinances against the Keiner Plaintiffs and other members of the Occupy St. Louis movement because they have become tired of the protesters political message.

27. There was no change in circumstances to justify the strict enforcement of the curfew and structures ordinances after allowing the plaintiffs to occupy Keiner Plaza in excess of 40 days.

28. The defendants did not have a compelling interest in enforcing the ordinances during the 40 days the protesters occupied Keiner Plaza, do not have one now, and will not have one in the future.

29. As a result of Defendants' viewpoint discrimination, Keiner Protesters have been and will continue to be denied the same opportunity to utilize the public space that is enjoined by other members of the public and their organizations.

30. The defendants have allowed other groups without political messages to remain in the parks after curfew and to erect structures.

31. The defendants have allowed homeless and other individuals without a political message to remain in the parks after curfew both before and after the Plaintiffs occupied Keiner Plaza.

32. Unless Defendants and their agents are enjoined from continuing to discriminate against Keiner Protesters because of their political speech, opinions, and assembly, they will be irreparably harmed by being prevented from peacefully gathering with other like-minded individuals in a public park for the purpose of discussing issues of public concern, a gathering protected by the First and Fourteenth Amendments.

33. This action seeks entry of a declaratory judgment finding that the refusal of Defendants to permit Keiner Protesters to stay in the park after curfew is unconstitutional, as well as issuing a temporary restraining order, and preliminary and permanent injunctions, prohibiting Defendants from denying Keiner Plaintiffs the ability to stay in the park at similar events thereafter.

34. From the beginning when Keiner Plaintiffs requested a permit to stay in the park after curfew, the protesters were treated differently. Rather than simply allowing a permit application, Defendants told the protesters there was no option to apply for such a permit.

35. The Keiner Plaintiffs have never excluded the public from use of the park.

36. The Keiner Plaintiffs have kept the park clean, sanitary, and safe during their occupation.

37. There are no adequate remedies at law for the plaintiffs in that that a subsequent action for damages would not prevent chilling effect on their freedom of speech and to peacefully assemble.

38. The plaintiffs have a high probability of success on the merits.

39. The potential for harm to the defendants, if any, is minimal, and is greatly outweighed by the harm to the plaintiffs.

40. The public interest will be served by the issuance of a preliminary injunction because the acts of the defendants violate the letter and the spirit of the First Amendment.

# COUNT I – DEFENDANT'S ENFORCEMENT OF THE CURFEW AND STRUCTURES ORDINANCES IS NOT CONTENT NEUTRAL AS APPLIED TO THE PLAINTIFFS AND THEREFORE CANNOT SURVIVE STRICT SCRUTINY

41. By this reference, Plaintiffs incorporate each and every allegation set forth in paragraphs one through forty of this First Amended Complaint as though fully set forth herein.

42. The plaintiffs act of occupying by remaining in the park and erecting tents and other structures is protected speech in that the occupation is central to their message.

43. By allowing certain groups to remain in parks after curfew and to erect structures in the parks, but by denying the same to the protesters who have a political message, the ordinances as applied are not content neutral.

44. The defendants have allowed homeless persons without a political message to remain in

Keiner Plaza and other parks after curfew, and to sleep in those parks, both before the

Occupy St. Louis movement, and after the arrests the morning of November 12, 2011. The

defendants have also allowed other groups to remain in parks after curfew and to erect tents

and other structures, including but not limited to Larry Rice, the Boy Scouts, and vendors for

the Rib America festival and other events.

WHEREFORE Plaintiffs pray for an order of this Court:

> A. entering a declaratory judgment finding Defendants' actions and omission to be
> unconstitutional;
>
> B. issuing an appropriate temporary restraining order, preliminary injunction, and
> permanent injunction preventing the defendants from enforcing the curfew ordinance, or
> otherwise arresting or evicting the plaintiffs from Keiner Plaza;
>
> C. award plaintiffs nominal damages of $1.00 for past deprivation of their constitutional
> rights;
>
> D. award plaintiffs costs, including reasonable attorneys' fees, pursuant to 42 U.S.C.
> 1983; and
>
> E. allow such further order, relief, or decree, to which the Plaintiffs may be entitled.

# COUNT II – EVICTION OF THE PROTESTERS IS AN AS APPLIED VIOLATION OF
# THEIR FIRST AMENDMENT RIGHT TO FREE SPEECH AND THEREFORE
# CANNOT SURVIVE INTERMEDIATE SCRUTINY

45. By this reference, Plaintiffs incorporate each and every allegation set forth in paragraphs one

through twenty-nine of this First Amended Complaint as though fully set forth herein.

46. Conduct is analyzed as free speech under the first amendment when 1) there is an intent to convey a specific message and 2) there is a substantial likelihood that those receiving the message will understand it. Here Occupy Wall Street, and by extension Occupy St. Louis, have a specific message, that the growing wealth disparity in the United States is unjust. While this messaging has not always been disseminated successfully into the mainstream media, it is the unifying message of the movement that began in mid-September in New York City, and has now grown to more than one-thousand cities worldwide. The critique of the wealth gap, and the attempt to convey this message by means of occupying parks and other locations, satisfies prong one. There is a substantial likelihood that those receiving this message, that is the public at large, will understand it because the public at large has been harmed by the current economic situation. The fact that the population understands this message is evident by the tens of thousands of people that have poured into the streets as the movement has grown. Therefore prong two is satisfied. Thus, the conduct that the protesters are engaging in, camping out in a public park, is properly understood as free speech.

47. Free speech is a fundamental right, and thus any restriction on such speech must be analyzed carefully by the courts. Content-based restrictions are subject to strict scrutiny. Content-neutral laws can only be used to restrict free speech when those laws pass intermediate scrutiny. Content neutral laws must be applied neutrally, that is without reference to the content of the regulated speech.

48. Here the St. Louis City Revised Code Chapter 22.18.010 prohibiting persons in parks during designated hours (10pm-6am) is a content neutral, time, place, and manner restriction. Therefore, application of this law to anyone in the parks during the prohibited hours must be applied in a way that does not reference the content of their speech.

49. For many years before 2011, homeless individuals have used Keiner Plaza as a place to sleep at night, camping out there with their belongings and moving on in the morning. This has been a violation of the city park curfew ordinance. However, the city has long made it a practice to turn a blind eye to this minor infraction. A well-publicized and dramatic opinion, Johnson et al vs. St. Louis Police Department, 351 F.Supp.2d 929 (E.D. Mo. 2004) explicitly forbid the rounding up and arresting of the homeless population by the police in an attempt to remove them from downtown areas. The "cleaning up" of downtown parks and areas, by removing the homeless, was prevented. Since that time, many homeless persons have continued to reside at Keiner Plaza, and have enjoyed sleeping there as a location free from undue police harassment.

50. When the protesters of the Occupy St. Louis Movement first began occupying the space in from of the local Federal Reserve, they were asked to move. They then began to occupy the space located in front of a downtown branch of Bank of America, again they were asked to move. Then they went to Keiner Plaza, where they have been residing since the first of October. Now, nearly six weeks later, the city has determined that it is time to evict them. The application of this ordinance against the protesters by the city, when it fails to apply this law to people that are not engaging in protected conduct, clearly violates the first amendment rights of the protesters. This as applied violation cannot survive the intermediate scrutiny that such content-neutral speech restrictions are due.

51. In order to survive intermediate scrutiny, the government objective must be important and the means chosen to enforce it must be substantially related to this objective. The government cannot meet its burden here. There is no important objective that the city would accomplish by evicting the protesters at this time. They have been residing in the park since October 1, 2011, therefore all through the pennant race and during the World Series. If they had an important objective to

accomplish through eviction, it would make sense for them to have done so then, not now. Thus the means chosen for eviction, a notice served hours before a federal holiday, are not substantially related to any important objective. While it is the burden of the government to prove that it passes this test, they cannot do so here.

52. Therefore, it is only proper that a temporary restraining order be granted and the protesters allowed to remain in Keiner Plaza, until a hearing on the merits of the eviction notice can be held.

WHEREFORE Plaintiffs pray for an order of this Court:

A. entering a declaratory judgment finding Defendants' actions and omission to be unconstitutional;

B. issuing an appropriate temporary restraining order, preliminary injunction, and permanent injunction preventing the defendants from enforcing the curfew ordinance, or otherwise arresting or evicting the plaintiffs from Keiner Plaza;

C. award plaintiffs nominal damages of $1.00 for past deprivation of their constitutional rights;

D. award plaintiffs costs, including reasonable attorneys' fees, pursuant to 42 U.S.C. 1983; and

E. allow such further order, relief, or decree, to which the Plaintiffs may be entitled.

## COUNT III – FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS

## VIOLATION

53. By this reference, Plaintiffs incorporate each and every allegation set forth in paragraphs one through fifty-two of this First Amended Complaint as though fully set forth herein.

54. Defendants orally and tacitly allowed Plaintiffs to erect tents and remain in Keiner plaza for more than one month.

55. An oral lease was created by Defendants verbally and tacitly allowing Keiner Protesters to stay in the park..

56. Plaintiffs have a property right in using the public space.

57. Plaintiff's are entitled to procedural due process before being evicted from the real estate.

58. Defendants arbitrarily posted a Notice to evict the protesters from the park, giving only twenty-four hour notice. See Plaintiff's exhibit 1, attached and incorporated by reference.

59. Defendants did not provide Plaintiffs with one month's notice as required by Mo. Rev. Stat. 441.060.

60. Defendants threatened to exclude Plaintiffs from the real property they orally let Plaintiffs use without judicial process and without court order in violation of Mo. Rev. Stat. 441.233.

61. Plaintiffs are entitled to due process under the Fourteenth Amendment of the United States Constitution and Article 1, Section 10 of the Missouri Constitution before the threatened City actions taken against them.

62. By threatening to evict Keiner Protesters, Defendants violate their Fourteenth Amendment rights.

WHEREFORE Plaintiffs pray for an order of this Court:

A. entering a declaratory judgment finding Defendants' actions and omission to be unconstitutional;

B. issuing an appropriate temporary restraining order, preliminary injunction, and permanent injunction preventing the defendants from enforcing the curfew ordinance, or otherwise arresting or evicting the plaintiffs from Keiner Plaza;

C. award plaintiffs nominal damages of $1.00 for past deprivation of their constitutional rights;

D. award plaintiffs costs, including reasonable attorneys' fees, pursuant to 42 U.S.C. 1983; and

E. allow such further order, relief, or decree, to which the Plaintiffs may be entitled.

## COUNT IV – FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS

## VIOLATION

63. By this reference, Plaintiffs incorporate each and every allegation set forth in paragraphs one through sixty-two of this First Amended Complaint as though fully set forth herein.

64. Defendants have consistently allowed homeless persons to stay in Keiner Plaza without citing them for curfew violations.

65. Defendants allowed Keiner Protesters to occupy and stay overnight in the Keiner Plaza for more than one month.

66. Defendants are only now threatening to evict and to issue citations for curfew violations to political protesters, and to arrest them for these violations.

67. The protesters cannot tell when their presence in the park is illegal and when it is not.

68. The Fourteenth Amendment's due process provision has a substantive component that guarantees "protection of the individual against arbitrary action of government."

69. Defendants have enforced the curfew ordinance so randomly that it creates a situation in which Plaintiffs rightly perceive that enforcement of the law is arbitrary and unpredictable in violation of their Fourteenth Amendment rights.

70. Defendants have enforced the curfew ordinance only against political protesters and not against the homeless non-protesters in a way that targets one group and creates unequal protection in violation of the Fourteenth Amendment rights.

WHEREFORE Plaintiffs pray for an order of this Court:

A. entering a declaratory judgment finding Defendants' actions and omission to be unconstitutional;

B. issuing an appropriate temporary restraining order, preliminary injunction, and permanent injunction preventing the defendants from enforcing the curfew ordinance, or otherwise arresting or evicting the plaintiffs from Keiner Plaza;

C. award plaintiffs nominal damages of $1.00 for past deprivation of their constitutional rights;

D. award plaintiffs costs, including reasonable attorneys' fees, pursuant to 42 U.S.C. 1983; and

E. allow such further order, relief, or decree, to which the Plaintiffs may be entitled.

## COUNT V – TO ENJOIN DEFENDANTS FROM FORCIBLY ENTERING AND DETAINING LANDS POSSESSED BY THE PLAINTIFFS (SUPPLEMENTAL STATE LAW CLAIM)

71. By this reference, Plaintiffs incorporate each and every allegation set forth in paragraphs one through sixty-nine of this First Amended Complaint as though fully set forth herein.

72. Defendants' intended actions to remove the Keiner Plaintiffs from the premises using force or the threat of force constitute the Missouri statutory action of Forcible Entry and Detainer, in that the defendants would be forcibly entering the land to deprive the Plaintiffs possession thereof.

73. The Keiner Plaintiffs have possessed and are in possession of the property, and several

plaintiffs and members of the Occupy St. Louis movement have been in possession of the property since October 1, 2011. They have met, gathered, assembled, protested, held vigils and meetings, resided, erected tents and other structures, and kept peace and order on the property.

74. The defendants now intend to remove the Keiner Plaintiffs from the property by strictly enforcing the curfew ordinance against the Plaintiffs.

75. The strict enforcement of the curfew ordinance has resulted in the arrest and detention of several members of the Occupy St. Louis movement, and the defendants have made known to the plaintiffs that they intend to forcibly arrest and detain the Plaintiffs if they continue to possess the land after November 11, 2011 at 3:00 P.M.

76. The arrest, detention, and removal of the plaintiffs from the land that they possess would have the constructive effect of evicting them without due process of law or giving them a chance to present their defense in an action against them for unlawful detainer or ejectment.

77. The strict enforcement of the curfew law is a pretext for chilling the plaintiffs' rights to protest and peacefully assemble as it has only been selectively enforced, in that the defendants have only chosen to strictly enforce the ordinance because the plaintiffs are protesting and assembling. The defendants have chosen to not enforce the ordinance against other individuals who in the past and present stay in and reside on the land and similar lands in the City of St. Louis in violation of the curfew ordinance.

78. If evicted from the property, the harm suffered by the plaintiffs would be immediate and irreparable in that their rights to freedom of speech and assembly would be violated. They would also suffer the fear, pain, danger and humiliation of arrest and detention for the exercise of their protected rights.

79. There are no adequate remedies at law for the plaintiffs in that that a subsequent action for

damages would not prevent chilling effect on their freedom of speech and to peacefully assemble.

80. Because the harm would be immediate and irreparable, the plaintiffs request that an immediate Temporary Restraining Order be issued to protect their rights, and further for a Preliminary Injunction, to prevent and enjoin the defendants from enforcing the curfew ordinance, or otherwise evicting and arresting them without proceeding in an action for unlawful detainer or ejectment.

WHEREFORE Plaintiffs pray for an order of this Court:

A. issuing an appropriate temporary restraining order, preliminary injunction, and permanent injunction preventing the defendants from enforcing the curfew ordinance, or otherwise arresting or evicting the plaintiffs from Keiner Plaza;

B. award plaintiffs nominal damages of $1.00 for past deprivation of their constitutional rights;

C. award plaintiffs costs, including reasonable attorneys' fees, pursuant to 42 U.S.C. 1983; and

D. allow such further order, relief, or decree, to which the Plaintiffs may be entitled.

Respectfully submitted,

_/s/_____
Joseph P. Welch, #52414MO
Attorney for Plaintiffs
1708 Olive Street
St. Louis, MO 63103
Phone: (314) 367-4878
Fax:   (314) 678-3998
Cell:  (314) 494-9729

jpw@josephwelch.net


___/s/_____ _____
Maggie Ellinger-Locke, #63802
Attorney for Plaintiffs
797 West Terra Lane
O'Fallon, MO 63366
Office: (636) 978-8833
Cell: (314) 805-7335
Fax: (636) 281-1504
ellinger.locke@gmail.com


___/s/_____ _____
Cynthia West, #61758
Attorney for Plaintiffs
625 N. Euclid Avenue, Suite 534
St. Louis, MO 63108
(314) 269-0439
(314) 282-2693 facsimile
cynthia@nnplc.org

## **AFFIDAVIT**

I, William Smith, an individual over 18 and competent to make an affidavit state the following:

1. I am one of the Keiner Plaintiffs.

2. I have reviewed the First Amended Complaint and verify that its contents are true based on my personal knowledge, information, and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Affiant

Subscribed and sworn to before me on this 15th day of November, 2011.

Notary Public

## **AFFIDAVIT**

I, $\underline{\text{John Mills}}$, an individual over 18 and competent to make an affidavit state the following:

1. I am one of the Keiner Plaintiffs.

2. I have reviewed the First Amended Complaint and verify that its contents are true based on my personal knowledge, information, and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Affiant

Subscribed and sworn to before me on this 15th day of November, 2011.

Notary Public

## **AFFIDAVIT**

I, **Brian Staack**_____, an individual over 18 and competent to make an affidavit state the
following:

1. I am one of the Keiner Plaintiffs.

2. I have reviewed the First Amended Complaint and verify that its contents are true based on my
   personal knowledge, information, and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Brian Staack
Affiant

Subscribed and sworn to before me on this 15th day of November, 2011.

_____
Notary Public