UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHERYL COMPTON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:11-CV-1975 (CEJ) |
| | ) |
| ST. LOUIS METROPOLITAN POLICE DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER SETTING RULE 16 CONFERENCE

IT IS HEREBY ORDERED that,

1. **Scheduling Conference**: A Scheduling Conference pursuant to Fed.R.Civ.P. 16 is set **Thursday, January 12, 2012, at 3:30 p.m.** The conference will be held **in chambers** and is expected to last 10 to 15 minutes. **The attorneys who will be handling the trial of the case must attend the conference in person (or by telephone when appropriate)** and will be expected to discuss in detail all matters covered by Rule 16, as well as all matters set forth in their joint proposed scheduling plan described in paragraph 3. **If substitute counsel wishes to participate in the conference he/she must first enter an appearance in the case.** A firm and realistic trial setting will be established at or shortly after the conference.

2. **Meeting of Counsel**: Prior to the date for submission of the joint proposed scheduling plan set forth in paragraph 3 below, counsel for the parties shall meet with each other to discuss the following: the nature and basis of the parties' claims and defenses, the possibilities for a prompt settlement or resolution of the case, the formulation of a discovery plan, and other topics listed below or in Rule 16 and Rule 26(f). At the Scheduling Conference counsel will be expected to report orally on the matters discussed at their meeting and will specifically be asked to report on the

potential for settlement, whether settlement demands or offers have been exchanged (without revealing the content of any offers or demands), and suitability of the case for Alternative Dispute Resolution.  This meeting is expected to result in the parties reaching agreement on the form and content of a joint proposed scheduling plan as described in paragraph 3 below.

Only <u>one</u> proposed scheduling plan may be filed in any case, and it must be signed by counsel for <u>all</u> parties.  It will be the responsibility of counsel for the plaintiff to actually file the joint proposed scheduling plan.  If the parties cannot agree as to any matter required to be contained in the joint plan, the disagreement must be set out clearly in the joint proposal, and the Court will resolve the dispute at or shortly after the scheduling conference.

3. **<u>Joint Proposed Scheduling Plan</u>**:  No later than seven days before the scheduling conference, counsel shall file with the Clerk of the Court a joint proposed scheduling plan.  The proposed plan should allow for disposition within 18 months of the date on which the case was filed.  It should also reflect the parties' reasonable assessment of the amount of time needed for completing discovery and for filing dispositive motions within the 18-month time frame.  It is this Court's practice to allow 28 days for a response to a dispositive motion and 14 days for a reply. **The joint proposed scheduling plan shall include:**

(a)  dates for joinder of additional parties or amendment of pleadings;

(b)  a discovery plan including:

> (i)  a date or dates by which the parties will disclose information and exchange documents pursuant to Rule 26(a)(1),
> 
> (ii) whether discovery should be conducted in phases or limited to certain issues,

>   (iii)  whether the presumptive limits of ten (10) depositions per side as set forth in Rule 30(a)(2)(A), and twenty-five (25) interrogatories per party as set forth in Rule 33(a), should apply in this case, and if not, the reasons for the variance from the rules,
>
>   (iv)  whether any physical or mental examinations of parties will be requested pursuant to Rule 35, and if so, by what date that request will be made and the date the examination will be completed,
>
>   (v)  dates by which each party shall disclose its expert witnesses' identities and reports, and dates by which each party shall make its expert witnesses available for deposition, giving consideration to whether serial or simultaneous disclosure is appropriate in the case,
>
>   (vi)  a date by which all discovery will be completed, and
>
>   (vii)  any other matters pertinent to the completion of discovery in this case, including:
>
>>   a. provisions for disclosure or discovery of electronically stored information, and
>>
>>   b. any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after production.

(c)  the parties' positions concerning the referral of the action to mediation or early neutral evaluation, and when such a referral would be most productive;

(d)  dates for filing any motion to dismiss or motion for summary judgment;

(e)  the earliest date by which this case should reasonably be expected to be ready for trial;

(f)  an estimate of the length of time expected to try the case to verdict; and

(g)  any other matters counsel deem appropriate for inclusion in the Joint Scheduling Plan.

4.  **Disclosure of Corporate Interests**:  All non-governmental corporate parties are reminded to comply with Disclosure of Corporate Interests by filing a Certificate of Interest with the Court pursuant to E.D.Mo. L.R. 2.09.

5.  ***Pro Se* Parties:**  A party who is allowed to appear without an attorney is required to meet with all other parties or counsel, participate in the preparation and

3

filing of a joint proposed scheduling plan, and attend the scheduling conference, all in the same manner as otherwise required by this order.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 5th day of December, 2011.