UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHERYL COMPTON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:11-CV-01975 CEJ |
| | ) |
| ST. LOUIS METROPOLITAN POLICE | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT CITY OF ST. LOUS' RESPONSE IN OPPOSITION TO PLAINTIFFS ALEXANDER, BRYAN, COMPTON, GRIFFITH, KAHN, KOHR, LEE, LOTT, MEDINA, MELBY, MILLS, MOON, SHOENSTEIN, SMITH AND STAAK'S MOTION TO DISMISS WITHOUT PREJUDICE

COMES NOW Defendant City of St. Louis, Missouri ("City"), by and through undersigned counsel, and responds to Plaintiffs Brett Alexander, Ashley Bryan, Ryan P. Burrus, Cheryl Compton, Donald Griffith, Adam Kahn, Jim Kohr, Diane Lee, Steven Tray Lott, Johnny Medina, Kaare Melby, John Mills, Jung Moon, Alex Schoenstein, William Smith and Brian Staak's ("Plaintiffs") Motion to Dismiss by asking the Court to dismiss Plaintiff's action <u>with</u> prejudice.  Alternatively, the City requests the Court stay a ruling on this motion until after the parties have filed—and the Court has ruled upon—motions for summary judgment as provided by Case Management Order.  As a second alternative, the City requests the Court dismiss the action without prejudice, but condition re-filing on the payment of reasonable attorney fees and costs expended by the City in defending the current action for which Plaintiffs seek dismissal.  In support of these alternatives, the City states the following:

**MOTION FOR VOLUNTARY DISMISSAL UNDER FRCP 41(a)(2)**

A motion to dismiss under Federal Rule of Civil Procedure 41(a)(2) is left to the discretion of the District Court.  *Herring v. City of Whitehall,* 804 F.2d 464, 466 (8th Cir. 1986).  In reviewing such a motion, the Court should consider: (1) the reasons for seeking the dismissal; (2) whether the result would be a waste of judicial time and effort; (3) and whether the dismissal will prejudice the defendants.  *Furminator, Inc. v. Ontel Products Corp.,* 246 F.R.D. 579, 593 (E.D. Mo. 2007).  "A party may not dismiss simply to avoid an adverse decision or seek a more favorable forum." *Cahalan v. Rohan,* 423 F.3d 815, 818 (8th Cir. 2005) (citing *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.,* 187 F.3d 941, 950 (8th Cir. 1999)).

The court may also consider the stage in the proceedings at which the movant requests a dismissal.  *See Williams v. Ford Motor Credit Co.,* 627 F.2d 158, 160 (8th Cir. 1980).  Finally, the court may consider a pending motion for summary judgment in deciding whether to grant a voluntary dismissal, but it is not by itself dispositive.  *Metropolitan Fed. Bank of Iowa, F. S.B. v. W.R. Grace & Co.,* 999 F.2d 1257, 1262 (8th Cir. 1993).

In granting a motion for voluntary dismissal, courts usually require a plaintiff pay the defendant the reasonable attorneys' fees arising from defense of the suit.  Federal Rules of Civil Procedure 41(d); *Marlow v. Winston & Strawn,* 19 F.3d 300, 303 (7th Cir. 1994).  To this point, the Eighth Circuit has held that a district court may abuse its discretion in *not* conditioning a voluntary dismissal upon plaintiff's payment of costs and attorneys' fees to a defendant upon re-filing.  *Kern v. TXO Production Corp.,* 738 F.2d 968, 972 (8th Cir. 1984).  The Eastern District of Missouri has required the same

condition.  *See Belle-Midwest, Inc. v. Missouri Prop. & Cas. Ins. Guarantee Ass'n*, 56 F.3d 977, 978-79 (8th Cir. 1995).

### A. PLAINTIFFS' REASONS FOR SEEKING THE DISMISSAL

The first factor to consider is Plaintiffs' reason(s) for the dismissal.  While not explicitly set forth in the Motion to Dismiss, based upon the timing of the motion, it can be reasonably inferred that it was filed ostensibly in response to Plaintiffs' counsel receiving the City's Motion for Sanctions, filed approximately six (6) hours before the filing of the Motion to Dismiss.  In addition to seeking a dismissal with prejudice of Plaintiffs' cause of action, the City is seeking its costs and reasonable attorneys' fees as sanctions against Plaintiffs.

The City can only assume that Plaintiffs are seeking a dismissal without prejudice to avoid any sanctions this Court may impose as a result of their willful disregard of its August 28th Order relating to outstanding discovery.  Furthermore, if allowed to dismiss the matter without prejudice, Plaintiffs could theoretically re-file the instant action in the hopes of getting assigned to a different District Court Judge, allowing them a second bite at the apple to seek the equitable relief twice denied by the Court in the current action.

Plaintiffs' counsel have repeatedly ignored deadlines, as well as motions filed by the City and co-defendants.  Incredibly, one of Plaintiffs' counsel had the audacity to engage in the unauthorized practice of law during the November 11, 2011, hearing on the temporary restraining order ("TRO") and again at the November 15, 2011, hearing on the preliminary injunction while knowingly not being admitted to practice in the Eastern District of Missouri.  The most-recent tactic of a Motion to Dismiss in lieu of responding

to the City's Motion for Sanctions appears to be the latest episode of counsel thumbing their noses at the Court and opposing counsel.

The Court should find that none of these reasons are sufficient to grant a voluntary dismissal without prejudice. Instead, the Court should allow the parties the opportunity to adjudicate the matter through summary judgment before ruling on this motion, or should dismiss the action with prejudice.

### B.  WASTE OF JUDICIAL TIME AND EFFORT

The second factor to consider is whether granting the motion to dismiss will result in a waste of judicial time and effort. A look at the procedural history of this litigation gives insight to this question. While not to belabor the past transgressions of counsel as set forth above, Plaintiffs' counsel has not litigated this matter in an effective nor efficient manner. Plaintiffs required the Court to hear the motion for TRO on an emergency basis beyond the normal hours of court operations and on a holiday weekend. Once unsuccessful with the TRO, Plaintiffs then required an additional day of the Court's—and opposing counsel's—time and efforts to unsuccessfully seek a preliminary injunction while, as noted above, certain attorneys had not yet entered their respective appearances on the case and while another was not even admitted to practice before the Court.

Based upon the foregoing, the Court should consider that Plaintiffs have wasted substantial judicial time and effort in prosecuting this matter, and will certainly waste substantial judicial time and effort upon re-filing this action if allowed to dismiss without prejudice. Thus, the Court should allow the parties the opportunity to adjudicate the

4

matter through summary judgment before ruling on this motion, or should dismiss the action with prejudice.

### C. PREJUDICE TO THE DEFENDANTS

The third factor to consider is whether allowing voluntary dismissal will prejudice the City. The City has expended considerable time, expense and effort in successfully defending the application for TRO as well as the preliminary injunction. Due to the nature of this action, City attorneys were required to neglect other pressing matters to defend this action on the fly. Additionally, high-ranking City staff was taken away from daily business to prepare for, attend and participate at hearings. City attorneys drafted and propounded discovery that Plaintiffs ignored. In an abundance of caution, the City spent $635.10 of taxpayer money to get a copy of the preliminary injunction hearing transcript in an attempt to draw out testimony from the hearing in order to create a record for the looming motion for summary judgment due to Plaintiffs' lack of urgency in responding to said discovery.

To cure this prejudice, the Court should require Plaintiffs to pay costs and reasonable attorneys' fees to the City if the Court grants Plaintiff's Motion to Dismiss without Prejudice.

### D. AVOID AN ADVERSE DECISION

Another factor that a court may consider in ruling on a motion for voluntary dismissal is whether the motion is sought to avoid an adverse decision. Much of the case law on this point concerns 41(a)(2) motions filed after a motion for summary judgment. Such is not the case here, as the parties have not yet filed any motions for summary judgment, but have until September 17, 2012, to do so under the Case Management

Order.  The City anticipated filing a summary judgment motion and began researching the issue months ago, in addition to propounding discovery and ordering the hearing transcript mentioned above.

Given that Plaintiffs have thus far have failed to get any of the relief sought in this action despite their best efforts, in can be reasonably inferred that the Motion to Dismiss is an effort to get a voluntary dismissal and live to fight another day in lieu of opposing the City's motion for summary judgment.  Thus, the Court should consider that Plaintiffs move to dismiss to avoid an adverse decision and stay a ruling on Plaintiff's motion until after the Court has ruled on summary judgment motions filed by the parties on or before September 17, 2012, or should dismiss the action with prejudice.

WHEREFORE, for the above reasons, the City prays the Court dismiss the action with prejudice.  Alternatively, the City prays the Court withhold a ruling on Plaintiffs' Motion to Dismiss without Prejudice until after the parties have submitted motions for summary judgment and the Court has ruled on those motions.  As a second alternative, the City prays the Court grant Plaintiffs' Motion to Dismiss without Prejudice upon the condition that Plaintiffs pay reasonable attorneys' fees to the City before Plaintiff may re-file the action.

Respectfully submitted,
PATRICIA A. HAGEMAN
CITY COUNSELOR


      /s/ Daniel J. Emerson
Michael A. Garvin      #39817 MO
Deputy City Counselor
Daniel J. Emerson      #56808 MO
Associate City Counselor
Attorneys for Defendant City of St. Louis
Room 314, City Hall
St. Louis, MO  63103
314.622.3361
FAX: 314.622.4956
GarvinM@stlouis-mo.gov
EmersonD@stlouis-mo.gov

**Certificate of Service**

I hereby certify that on September 12, 2012, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon:

Joseph P. Welch
1708 Olive Street
Saint Louis, MO  63103

Maggie Ellinger-Locke
797 West Terra Lane
O'Fallon, MO  63366

Cynthia West
625 N. Euclid Ave., Suite 534
Saint Louis, MO  63108
Attorneys for Plaintiffs

Timothy Hogan
P.O. Box 31334
Saint Louis, MO  63131
Attorney for Plaintiffs
Veltre and McFarland

Mark Lawson
Jennifer R. Chestnut-Strada
1200 Clark, Room 609
Saint Louis, MO  63103
Attorneys for Defendant St. Louis Metropolitan Police Department


　　　　　　　　　　　　　　　　　　　　　/s/ Daniel J. Emerson