UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHERYL COMPTON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Cause No. 4:11CV01975 CEJ |
| v. ) | |
| ) | |
| ST. LOUIS METROPOLITAN POLICE ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

**RESPONSE OF DEFENDANTS ST. LOUIS METROPOLITAN POLICE DEPARTMENT, BOARD OF POLICE COMMISSIONERS OF THE ST. LOUIS METROPOLITAN POLICE DEPARTMENT, RICHARD GRAY, JERRY LEE, BETTYE-BATTLE TURNER, THOMAS IRWIN AND FRANCIS SLAY IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE**

Come now Defendants St. Louis Metropolitan Police Department; Board of Police Commissioners of the St. Louis Metropolitan Police Department; Richard Gray, Jerry Lee, Bettye-Battle Turner, Thomas Irwin[1], and Francis Slay, in their official capacities as the Board of Police Commissioners of the St. Louis Metropolitan Police Department (hereinafter referred to collectively as "Police Defendants") and make this Response in Opposition to the Motion filed by sixteen (16) of the named Plaintiffs[2] to Dismiss Without Prejudice. Police Defendants submit the instant action should be dismissed with prejudice for Plaintiffs' failure to comply with the orders of this Court, which was the basis for the Motion for Sanctions filed by Police Defendants (Doc. # 65). Alternatively, if the Court were inclined to dismiss the action without prejudice, Police Defendants submit the Court could fashion an order that would condition the re-filing of

---

[1] Identified in the First Amended Complaint as "Thomas Irvin."

[2] Brett Alexander, Ashley Bryan, Ryan P. Burrus, Cheryl Compton, Donald Griffith, Adam Kahn, Jim Kohr, Diane Lee, Steven Tray Lott, Johnny Medina, Kaare Melby, John Mills, Jung Moon, Alex Schoenstein, William Smith and Brian Staack.

this action on the payment of reasonable attorney's fees and costs for the time and expenses incurred for legal services incurred by Police Defendants.  Police Defendants submit the Court could also entertain a Motion for Summary Judgment; however, this would be difficult to complete under the current circumstances, since Police Defendants have never been provided answers to the Interrogatories from any Plaintiffs, which hampers Police Defendants' ability to prepare a Motion for Summary Judgment.

**Standards**

It appears that Plaintiffs cannot effect a voluntary dismissal without court order pursuant to F.R.C.P. 41(a)(1) because Police Defendants have already filed an Answer (Doc. #25) and there has been no stipulation of dismissal signed by all parties.  A motion to dismiss by court order under Rule 41(a)(2) is left to the discretion of the District Court.  *Garfield by and through Elkins v. Kansas City Southern Ry. Co.*, 907 F.2d 841, 842 (8th Cir. 1990).  In reviewing such a motion, the Court should consider: (1) the reasons for seeking the dismissal; (2) whether the result would be a waste of judicial time and effort; (3) and whether the dismissal will prejudice the defendants.  *Furminator, Inc. v. Ontel Products Corp.*, 246 F.R.D. 579, 593 (E.D. Mo. 2007). "A party may not dismiss simply to avoid an adverse decision or seek a more favorable forum." *Id*., citing *Cahalan v. Rohan,* 423 F.3d 815, 818 (8th Cir. 2005).

The court may also consider the stage in the proceedings at which the movant requests a dismissal.  *See Williams v. Ford Motor Credit Co.,* 627 F.2d 158, 160 (8th Cir. 1980).  Finally, the court may consider a pending motion for summary judgment in deciding whether to grant a voluntary dismissal, but it is not by itself dispositive. *Metropolitan Fed. Bank of Iowa, F. S.B. v. W.R. Grace & Co.,* 999 F.2d 1257, 1262 (8th Cir. 1993).

In granting a motion for voluntary dismissal, courts usually require a plaintiff pay the defendant the reasonable attorneys' fees arising from defense of the suit.  F.R.C.P. 41(d); *Marlow v. Winston & Strawn,* 19 F.3d 300, 303 (7th Cir. 1994).  To this point, the Eighth Circuit has held that a district court may abuse its discretion in *not* conditioning a voluntary dismissal upon plaintiff's payment of costs and attorneys' fees to a defendant upon re-filing.  *Kern v. TXO Production Corp.,* 738 F.2d 968, 972 (8th Cir. 1984).  The Eastern District of Missouri has required the same condition.  *See Belle-Midwest, Inc. v. Missouri Prop. & Cas. Ins. Guarantee Ass'n*, 56 F.3d 977, 978-79 (8th Cir. 1995); *American Equity Mortg., Inc. v. Vinson*, 2007 WL 1862987, at 2 (E.D. Mo. 2007).

### 1.     Plaintiffs' Reasons for Seeking Dismissal

Plaintiffs offer no reason in their Motion for Dismissal for seeking to dismiss.  However, the timing and sequence of events is impossible to ignore.  Police Defendants had propounded Interrogatories in July that Plaintiffs never responded to.  With the deadline for discovery cut-off looming, Police Defendants filed a Motion to Compel (Doc. #58).  This Court issued an Order on August 28, 2012, granting said Motion to Compel and giving Plaintiffs a deadline of September 7, 2012 by which to answer said Interrogatories, and indicating that a failure to comply could warrant the imposition of sanctions (Doc. #60).  When no answers to Interrogatories were received by September 10, 2012, Police Defendants decided to seek sanctions.  Some of the Plaintiffs then moved to dismiss.

It is not unreasonable to speculate that the reason Plaintiffs moved to dismiss the action was an attempt to avoid sanctions for failing to respond to discovery.  At the very least, as of the end of the day on September 7, 2012, Plaintiffs had willfully not complied with an order of this Court which specifically advised them that their failure to comply could result in the imposition

3

of sanctions. Therefore, prior to ever seeking dismissal, Plaintiffs were in derogation of an order that already put them on notice they would be subject to sanctions.

It should not be forgotten that when the instant action was first filed, Plaintiffs' focal point appeared to be the need for immediate relief. There was a late night court appearance on Friday, November 11, 2011, to consider Plaintiffs' request for a Temporary Restraining Order, which was denied. Then there was Plaintiffs' Motion for Preliminary Injunction, which was heard two business days later, on Tuesday, November 15, and which the Court also denied. In both instances, a considerable amount of time and effort, on the Court's part as well as on Defendants' part, was expended in preparing for and trying these issues on an expedited basis. Since then, in all candor, Plaintiffs seem to have lost interest in their lawsuit. There is no reason Plaintiffs should be allowed to dismiss their lawsuit without prejudice, with the possibility that they would re-file this lawsuit at a later time, and use up more of the Court's and Defendants' resources.

### 2. Waste of Judicial Time and Effort

As previously noted, the Court has already held two different proceedings to consider whether to issue a Temporary Restraining Order or Preliminary Injunction in favor of Plaintiffs against Defendants, and both times has ruled against Plaintiffs. Since the consideration of Plaintiffs' two requests for relief required at least *prima facie* consideration of whether Plaintiffs were likely to succeed on the merits of their claim, *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981), it seems clear the Court did not find Plaintiffs were likely to prevail. To allow Plaintiffs to voluntarily dismiss their specious claims and leave open the

possibility that Plaintiffs could re-file a substantially similar lawsuit anytime within the next four-plus years[3] would appear to be a tremendous waste of judicial time and effort.

Plaintiffs have already wasted enough of the Court's time and effort to warrant further indulgence.  When considering that Plaintiffs filed a Motion for Temporary Restraining Order, followed by a Motion for Preliminary Injunction, and even thereafter, had the opportunity to litigate this case in a full-blown trial on the merits, but apparently were not interested enough to do so, it is fair to say Plaintiffs have been given more than a "second chance."  They've been given a second chance and a third chance, and have not availed themselves of those chances.

Police Defendants submit the circumstances here justify termination of any further rights Plaintiffs may enjoy to preserve this litigation.  There has been enough waste of the Court's time to allow further chances.

### 3.     Prejudice to Defendants

All Defendants, including Police Defendants, have already expended their time preparing for and attending the proceedings on the Motion for Temporary Restraining Order and Motion for Preliminary Injunction.  Police Defendants have also expended time propounding discovery to all Plaintiffs.

If Plaintiffs have done anything to litigate this case since losing their Motion for Preliminary Injunction, there is scant evidence of it.  They have not responded to discovery requests from Defendants.  They have not responded to the Motion to Compel.  The only thing they've actually done is file their Motion to Dismiss their case.

There is prejudice to Defendants in allowing Plaintiffs to dismiss this case without prejudice.  Defendants propounded discovery to all Plaintiffs knowing it was going to be

---

[3] Assuming a five-year statute of limitations.  *See Farmer v. Cook*, 782 F.2d 780, 780 (8th Cir. 1986) (*per curiam*).

5

necessary to defend the case, either at trial or through a dispositive motion. They've received nothing. This substantially inhibited Police Defendants from doing the things necessary to defend this case, despite their best efforts to do so.

There is no reason Plaintiffs should be allowed to do nothing and get away with it. They took the affirmative step of actually filing the lawsuit. It works to the substantial prejudice of Defendants to allow Plaintiffs to simply dismiss their lawsuit, and then, at their time and choosing, come back against Defendants.

It is also important to remember that the Motion to Dismiss was filed on behalf of only sixteen (16) of the twenty-four (24) Plaintiffs. As to the other eight (8) Plaintiffs, their attorneys have moved to withdraw. Presumably, those eight other Plaintiffs for whom the attorneys have sought permission to withdraw, are still subject to Defendants' Motion for Sanctions, meaning their cases can be dismissed with prejudice. Police Defendants submit that it would be unfair to treat differently the Plaintiffs who still are represented by an attorney from those who are not. The only difference between the two groups is that the ones still represented by counsel have filed a Motion at the eleventh hour, or in actuality, past the eleventh hour to try to preserve their right to re-file. But all Plaintiffs have flagrantly ignored the orders of this Court that they respond to discovery requests.

**<u>Conclusion</u>**

There is no justification for rewarding bad behavior. In essence, that is what would happen if the Court allowed Plaintiffs to dismiss without prejudice. Police Defendants request this Court deny Plaintiffs' Motion to Dismiss Without Prejudice. The case can still be dismissed with prejudice by granting Police Defendants' Motion for Sanctions (Doc. #65). Alternatively, if the Court is of the opinion that the case should be dismissed without prejudice, it can

nevertheless authorize the Defendants to submit their itemization of reasonable attorney's fees and taxable costs, assess fees and costs against Plaintiffs, and condition dismissal without prejudice upon Plaintiffs' payment of said fees and costs, or alternatively, provide that no new case may be initiated by any Plaintiff herein based on the same occurrences or transactions alleged in the instant action, without first paying the fees and costs assessed.

        BOARD OF POLICE COMMISSIONERS
        OF THE CITY OF ST. LOUIS

        /s/ Mark Lawson
        ―――――――――――――――――

        Mark Lawson  #33337MO
        General Counsel
        Jennifer Chestnut Strada  #51503MO
        Assistant General Counsel
        Attorney for Police Defendants
        1200 Clark Ave., Room 609
        St. Louis, MO  63103
        Phone: (314) 444-5609 Fax: (314) 444-5611

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that the foregoing was filed electronically with the Clerk of the Court on September 14, 2012, to be served by operation of the Court's electronic filing system upon all attorneys of record.

        /s/ Mark Lawson
        ―――――――――――――――――