UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHERYL COMPTON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:11-CV-1975 (CEJ) |
| ) | |
| ST. LOUIS METROPOLITAN POLICE, ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the separate motions of defendant City of St. Louis and defendants St. Louis Metropolitan Police Department (SLMPD) and Board of Police Commissioners (Board) for sanctions pursuant to Fed.R.Civ.P. 37(b). The plaintiffs have not responded to either motion. Also before the Court is the plaintiffs' motion for voluntary dismissal without prejudice. Defendants oppose plaintiffs' motion, and request dismissal of this action with prejudice and an award of costs and attorneys' fees.

**I. Background**

In June 2012, defendants propounded interrogatories to plaintiffs. After plaintiffs failed to respond, defendants filed motions to compel discovery. On August 28, 2012, the Court granted defendants' separate motions to compel and ordered the plaintiffs to answer the interrogatories by September 7, 2012. Plaintiffs were warned that a failure to comply could result in the imposition of sanctions as authorized by Fed.R.Civ.P. 37(b), including dismissal. Plaintiffs did not answer the interrogatories and did not seek additional time to comply with the Court's orders.

On September 10, 2012, the City filed a motion for sanctions, specifically dismissal with prejudice and attorneys' fees and court costs. Approximately six hours after the City's motion was filed, sixteen of the twenty-five plaintiffs moved to voluntarily dismiss the case without prejudice. The attorneys for the nine non-moving plaintiffs have since moved to withdraw as counsel, explaining that their clients had ceased to respond to their communications, despite repeated efforts of counsel to establish contact. On September 11, 2012, the SLMPD defendants also moved for sanctions. All defendants responded in opposition to the sixteen plaintiffs' motion to dismiss the case without prejudice.

It is clear that plaintiffs no longer wish to prosecute this case, as either they have moved to dismiss or have ceased to respond to the communications of their attorneys. The only remaining issue is whether the dismissal should be voluntary and without prejudice, or imposed as a sanction, with prejudice and an award of costs and attorneys' fees.

**II. Legal Standard**

**A. Rule 37**

Federal Rule of Civil Procedure 37(b) permits a district court to impose sanctions for discovery violations. One such sanction is the dismissal of the case. Fed.R.Civ.P. 37(b)(2)(A). Dismissal with prejudice may be an appropriate sanction if there is "(1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party." Schubert v. Pfizer, Inc., 459 F. App'x 568, 572 (8th Cir. 2012) (quoting Keefer v. Provident Life and Accident Ins. Co., 238 F.3d 937, 940 (8th Cir. 2000)). Before imposing such an extreme sanction, a court must consider the possibility of lesser sanctions. See Keefer, 238 F.3d at 941. "The district court is not,

however, constrained to impose the least onerous sanction available, but may exercise its discretion to choose the most appropriate sanction under the circumstances." Id. Instead of, or in addition to, the sanction of dismissal, "the court must order the disobedient party… to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C).

### B. Rule 41

Fed.R.Civ.P. 41(a)(2) allows an action to be dismissed at plaintiff's request by court order "on terms that the court considers proper" and without prejudice, unless the court specifies otherwise.  In considering a motion for voluntary dismissal, courts evaluate factors such as "the reasons for seeking the dismissal, whether the result would be a waste of judicial time and effort, and whether the dismissal will prejudice the defendants.  A party may not dismiss simply to avoid an adverse decision or seek a more favorable forum." Cahalan v. Rohan, 423 F.3d 815, 818 (8th Cir. 2005) (citing Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 941, 950 (8th Cir.1999)). Finally, a court may condition the dismissal without prejudice on the plaintiff's payment of attorneys' fees and costs prior to refiling the case. Kern v. TXO Prod. Corp., 738 F.2d 968, 972 (8th Cir. 1984).

### III. Discussion

The Eighth Circuit allows the Rule 37 sanction of dismissal with prejudice when an order compelling discovery was wilfully violated and resulted in prejudice to the other party. See Schubert, 459 F. App'x at 572; Keefer, 238 F.3d at 940.  In this case, the Court issued two orders compelling discovery on August 28, 2012, both of which were ignored by plaintiffs.  Plaintiffs have not responded to defendants' accusations of

wilful disobedience, and indeed, the circumstances strongly suggest that plaintiffs did willfully violate the orders compelling discovery. Plaintiffs failed to answer defendants' interrogatories and they have not responded to defendants' motions to compel. When the Court ordered plaintiffs to answer the interrogatories, plaintiffs still did not respond. It was not until defendant City filed a motion for sanctions and dismissal with prejudice that the sixteen plaintiffs informed the Court of their wish to dismiss their case without prejudice. Plaintiffs' motion for voluntary dismissal does not contain any reference to the motion for sanctions, nor any explanation or excuse for plaintiffs' complete disregard of the Court's orders.

Defendants have been prejudiced by plaintiffs' refusal to comply with the discovery orders. Plaintiffs' noncompliance has hindered defendants' efforts to defend this suit, and has prevented the development of a factual record upon which defendants might move for summary judgment. Defendants also have incurred expenses in their attempt to draft dispositive motions and comply with court-imposed deadlines without plaintiffs' cooperation. All of these considerations support the dismissal of the case with prejudice, and an award of costs and attorneys' fees pursuant to Rule 37(b).

Furthermore, the circumstances under which the moving plaintiffs filed their motion to dismiss suggest to the Court that granting a dismissal without prejudice pursuant to Rule 41 is not the proper course of action. Although plaintiffs do not explain their motivation for seeking dismissal, the timing of their motion is instructive. The motion was filed six hours after defendant City moved for sanctions. It is likely that plaintiffs moved to dismiss in order to avoid the unpleasantness of a Rule 37 sanction. It is also possible that plaintiffs (after hearing the Court express skepticism

about the merits of their case in the temporary restraining order and preliminary injunction hearings) hoped to refile and pursue the same case against the defendants in a more favorable forum.  Or perhaps plaintiffs lost interest in their case after their motions injunctive relief were denied, and simply neglected to inform the defendants or the Court of their intention to dismiss the case until now.  None of these reasons support a dismissal that would permit plaintiffs to refile a case which has already consumed a great deal of judicial resources and effort.

### IV. Conclusion

Plaintiffs have wilfully ignored two court orders to compel discovery, without explanation or excuse, to the prejudice of the defendants.  In addition, plaintiffs' reasons for requesting a dismissal without prejudice are inadequate to support the disposition they request, especially at this stage of the litigation.  After considering alternative sanctions, the Court concludes that this case should be dismissed with prejudice pursuant to Rule 37(b).

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions for sanctions [Docs. # 61 and # 65] are **GRANTED.**

**IT IS FURTHER ORDERED** that defendants shall have until **January 31, 2013**, to  submit a verified statement of attorneys' fees and costs incurred due to plaintiffs' failure to comply with discovery requests and the orders compelling discovery.

**IT IS FURTHER ORDERED** that the motion of attorneys Joseph P. Welch, Maggie Ellinger-Locke, and Cynthia D. West to withdraw as counsel [Doc. # 64] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiffs' motion to voluntarily dismiss the case without prejudice [Doc. # 63] is **DENIED**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 31st day of December, 2012.